IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00009-CMA-KMT

FUSION SPECIALTIES, INC.,

Plaintiff,

v.

CHINA NETWORK LEADER, INC., a California corporation, d/b/a CNL Mannequins

Defendant.

---

**PROTECTIVE ORDER**

---

Upon Joint Motion of Plaintiff Fusion Specialties, Inc. and Defendant China Network Leader, Inc., for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Protected Information (as hereinafter defined), it is hereby ordered as follows:

1.     In this action, it is anticipated that one or more of the Parties will seek Confidential Information or Attorneys Eyes' Only Information (as defined in paragraph 2 below).  The Court finds that the disclosure of such information (hereinafter collectively described as "Protected Information") outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Court accordingly enters the within Protective Order for the purpose of preventing the disclosure and use of Protected Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing:

    a.    Trade secrets; and

    b.    Confidential and proprietary financial or technical information not available to the public, and the disclosure of which could cause significant injury to the designating party.

"Attorneys Eyes' Only Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below, which contains particularly sensitive proprietary financial, technical, competitive or customer information not available to the public, and the disclosure of which to the opposing party could cause significant injury to the designating party. The designation is reserved for only information that constitutes highly sensitive, proprietary financial, technical or commercial competitive information that the Designating Party maintains as highly confidential in its business.

Any information designated by a party as Confidential or Attorneys' Eyes Only must first be reviewed by a lawyer, who certifies in writing that the designation is based on a good faith belief that the information meets the criteria set forth above. Each Party or non-party that designates information or items for protection under this Order must

take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

3. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

    a. the receiving Party's outside counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. the officers, directors, and employees (including in-house counsel) of the receiving Party to whom disclosure is reasonably necessary for this litigation;

    c. experts of the receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    d. the Court and its personnel;

      e.    court reporters and persons or entities that provide litigation support services to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      f.    during their depositions, hearings or trial, witnesses described in paragraph 7, below;

      g.    the author of the document or the original source of the information and the addressee or recipient of the document; and

      h.    any designated mediator, and his or her staff, who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Attorneys' Eyes Only" only to persons described in sub-paragraphs a, c, d, e, f, g and h, above.

4.    Where Protected Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.    By imprinting the words "Confidential" or "Attorneys' Eyes' Only" on each page that contains Protected Information of any document produced;

      b.    By imprinting the word "Confidential" or "Attorneys' Eyes' Only" next to or above any response to a discovery request; and

      c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Attorneys' Eyes' Only" no later than fourteen calendar days after receipt of the transcribed testimony.

5. All Protected Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and as set forth in paragraph 3.

6. Individuals authorized to review Protected Information pursuant to this Protective Order shall hold Protected Information in confidence and shall not divulge the Protected Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. Use of Designated Material at Depositions, Hearings or Trials.

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions, hearings or trial and may testify concerning all Designated Material of which such person has prior knowledge. In addition to the foregoing:

    a. A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Designating Party may be examined and may testify concerning all Designated Material which has been produced by that party.

    b. A former director, officer, agent and/or employee of a Designating Party may be interviewed, examined and may testify concerning all Designated Material of which the examining party reasonably believes he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has

personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

        c.     Non-parties may be examined or testify concerning any document containing Designated Material of a Designating Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Designating Party, or a representative of such Designating Party.

Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Designating Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Agreement To Be Bound By Protective Order, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

      8.     The Party's counsel who discloses Protected Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Protected Information is disclosed and shall obtain and retain

the original affidavits signed by qualified recipients of Protected Information, and shall maintain a list of all persons to whom any Protected Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Protected Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. No copies of Protected Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation but counsel may provide copies of Protected Information to persons described in paragraphs 3(c), (d), (e) and (h) above.

11. During the pendency of this litigation, counsel shall retain custody of Protected Information, and copies made therefrom pursuant to paragraph 10, above.

12. No Waiver of Privilege.

The inadvertent or unintentional production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within ten court days after the Designating Party becomes aware of any inadvertent or unintentional disclosure, the Designating Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Designating Party and

provides in writing the factual bases for (a) the assertion of privilege or immunity, and (b) the assertion that the production was inadvertent or unintentional. Upon request by the Designating Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s); and shall not use any inadvertently produced material or information for any purpose unless and until the asserted privileges or immunities have been successfully challenged or withdrawn. Nothing herein shall prevent the Receiving Party from challenging the propriety or waiver of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation with the Court.

13. Inadvertent Failure To Designate.

An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Designating Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the factual basis for the assertion of designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.

14. If opposing counsel objects to the designation of certain information as Protected Information, he or she shall promptly inform the other parties' counsel in

writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Protected Information status from the time it is produced until the ruling by the Court on the motion.

15. Unauthorized Disclosure Of Designated Material.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

16. Non-Party Use of This Protective Order

a. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

b. A non-party's use of this Protective Order to protect its "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information does not

entitle that non-party access to "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information produced by any party in this case.

17. In the event Protected Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. In the event that a Receiving Party intends to file or use Protected Information in or with a pleading, the Receiving Party shall file any such document as a restricted document at Level 1 restriction pursuant to D.C.COLO.LCivR 7.2D. It shall be the responsibility of the Designating Party, if it so desires, to file a motion to restrict access pursuant to D.C.COLO.LCivR 7.2B.

18. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

19. Unless otherwise ordered or agreed in writing by the Designating Party, within sixty calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Designating Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Designating Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits),

expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in ¶19, above.

20.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Information shall be treated at trial.

DATED this 19th day of June, 2012.

BY THE COURT:

_____
United States Magistrate Judge

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

STATE OF COLORADO     )
                      )   ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Fusion Specialties, Inc. v. China Network Leader,* Inc.*,* Civil Action No. 12-cv-00009-CMA-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Protected Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Protected Information shown or told to me except as authorized in the Protective Order. I will not use the Protected Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                                        _____
                                                                        (Signature)

                                                                        _____
                                                                        (Print or Type Name)

                                                                        Address:

                                                                        _____

                                            Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__, by _____.

WITNESS my hand and official seal.

                                            Notary Public

[S E A L]

                                            My Commission Expires: _____