**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-00009-CMA-KMT

FUSION SPECIALTIES, INC.,

    Plaintiff,

v.

CHINA NETWORK LEADER, INC., a California corporation,
d/b/a CNL Mannequins,

    Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

---

This matter is before the Court on Plaintiff Fusion Specialties, Inc.'s Motion to Amend the Complaint (Doc. # 18), filed on May 2, 2012. In this motion, Plaintiff seeks to amend its initial Complaint (Doc. # 1) by adding a third claim for relief, "Breach of Settlement Agreement," against Defendant China Network Leader, Inc. (Doc. # 18.) Defendant responded on May 25, 2012, and Plaintiff replied on June 8, 2012. (Doc. ## 36, 39.)

### I. BACKGROUND

In 2008, three years prior to the initiation of the instant case, Plaintiff filed a lawsuit in this district (Case No. 08-cv-00001), alleging that Defendant infringed Plaintiff's U.S. Patents 7,144,179 ("the 179 Patent") and 6,705,794 ("the 794 Patent"), the latter of which is also at issue in the instant case.[1]  (Doc. ## 21 at 2; 22 at 1.)

---

[1] The parties are competing mannequin manufacturers, and the patents in both cases involved mannequin components. (Doc. # 21.)

The parties entered into a settlement agreement on April 10, 2008, which provides "[Defendant] hereby stipulates and agrees that the [179 and 794] patents are valid and enforceable patents." (Doc. # 22 at 1.)

Plaintiff filed its original Complaint in this case on January 3, 2012, alleging that Defendant "is infringing, contributing to the infringement and/or inducing the infringement of Claim 37 of the '794 Patent." (Doc. # 1, ¶ 7.)  Claim 37 involves the concept of using magnetic joints in mannequins with a "depth-of-pull of at least 120 gauss at a distance of one inch." (Doc. 1-1 at 1.)  On April 2, 2012, Defendant submitted a request for *ex parte* reexamination of the 794 Patent to the United States Patent and Trademark Office ("PTO").[2] (Doc. # 12-1.)  Plaintiff then filed the instant Motion seeking to add a claim for breach of the settlement agreement. (Doc. # 18.) Plaintiff claims that Defendant breached the settlement agreement by challenging the validity of the 794 Patent because Defendant had stipulated that (1) the 794 Patent was "valid and enforceable" and (2) agreed to release "any and all actions, causes of actions, suits . . . which were brought in or related to the Patents or the litigation." (Doc. # 22 at 1-2.)

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15, after a defendant has answered, a plaintiff may amend its complaint after a defendant has answered only with leave of court. Fed. R. Civ. P. 15(a)(2) (providing that "a party may amend its pleadings only with the opposing party's written consent or the court's leave" after a responsive

---

[2]  PTO has since granted the request for reexamination of the 794 Patent. (Doc. # 47.)

pleading has been served).  "The Court should freely give leave when justice so requires."  *Id.*; *see Anderson v. Merrill Lynch Pierce Fenner & Smith Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).  However, the Court may exercise its discretion to deny a motion to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff filed the instant motion promptly after learning that Defendant was challenging the 794 Patent by requesting reexamination.  Defendant argues that the proposed amendment would be futile and that Plaintiff's motion should therefore be denied.  The Court disagrees.  "An amendment to a complaint is futile only if the plaintiff[] can prove no set of facts in support of [its] amendment that would entitle [it] to relief.  *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp.2d 1056, 1061 (D. Colo. 2009).  The issue is "not whether plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In light of this liberal standard, the Court will not evaluate the merits of the case at this preliminary stage of litigation.  The Court agrees with Plaintiff that the merits of its breach of contract claim would be best analyzed after the parties have had opportunity to fully develop the issue.

## III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Amend the Complaint (Doc. # 12) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's proposed Amended Complaint and Jury Demand (Doc. # 18-1) is ACCEPTED AS FILED.

DATED:  July  12 , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge